# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF OKLAHOMA

FILED

JUN 2 4 2011

WILLIAM B. GUTHRIE
Clerk, U.S. District Court
By_____
Deputy Clerk

ROBERT J. SHANNON,  )
 )
        Petitioner, )
 )
v. ) No. CIV 10-332-RAW-KEW
 )
JAMES RUDEK, Warden, )
 )
        Respondent. )

## OPINION AND ORDER

This matter is before the court on petitioner's petition for a writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241. Petitioner, an inmate currently incarcerated at Oklahoma State Reformatory in Granite, Oklahoma, is challenging his loss of earned credits arising from a disciplinary proceeding at Davis Correctional Facility in Holdenville, Oklahoma. The respondent has filed a motion to dismiss, alleging petitioner has failed to exhaust the state remedies for his claim. Petitioner has not filed a response to the motion.

The record shows that on June 18, 2010, petitioner received an Offense Report for the offense of Battery on Staff with Injury, later amended to Individual Disruptive Behavior, after he became combative with staff on June 14, 2010, at Davis Correctional Facility. Following the amendment of the charge, a rehearing was conducted on June 29, 2010, with petitioner present. He pleaded guilty, and the finding was affirmed on June 30, 2010.

Petitioner's administrative appeal to the warden was returned unanswered on September 1, 2010, because petitioner had waived his opportunity to appeal by pleading guilty. Petitioner then wrote a letter to the Director of the Department of Corrections, but it

was returned unanswered on October 7, 2010, because the correspondence had been forwarded to the Private Prisons Unit. Petitioner did not file a petition for judicial review of his misconduct conviction in accordance with Okla. Stat. tit. 57, § 564.

"A threshold question that must be addressed in every habeas case is that of exhaustion." *Harris v. Champion*, 15 F.3d 1538, 1554 (10th Cir. 1994). The court must dismiss a state prisoner's habeas petition if he has not exhausted the available state court remedies as to his federal claims. *See Coleman v. Thompson*, 501 U.S. 722, 731 (1991). "A habeas petitioner is generally required to exhaust state remedies whether his action is brought under § 2241 or § 2254." *Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000) (citing *Coleman*, 501 U.S. at 731). In those instances where earned credits are revoked in a prison disciplinary hearing, an Oklahoma inmate must exhaust his administrative remedies, and he also can pursue a judicial appeal process through a petition for judicial review, pursuant to Okla. Stat. tit. 57, § 564.1, effective May 10, 2005.

The record shows that after petitioner attempted to exhaust his administrative remedies for the loss of his earned credits, he failed to exhaust his state court remedies by presenting his claim to a state district court through a petition for judicial review and then appealing any adverse decision to the Oklahoma Court of Criminal Appeals. Under § 564.1(A)(1) he had 90 days from the date he was notified of the DOC's final decision in the disciplinary appeal process. "[I]f state court remedies are no longer available because the prisoner failed to comply with the deadline for seeking review, the prisoner's procedural default functions as a bar to federal habeas review." *Magar v. Parker*, 490 F.3d 816, 819 (10th Cir. 2007) (citing *Woodford v. Ngo*, 548 U.S. 81 93 (2006)). *See also Gray v. Netherland*, 518 U.S. 152, 162 (1996) (such a "procedural bar . . . gives rise to exhaustion

2

[and] provides an independent and adequate state-law ground for the [sanction imposed]"); *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991); *Cargle v. Mullin*, 317 F.3d 1196, 1212 n.15 (10th Cir. 2003).

**ACCORDINGLY,** the respondent's motion to dismiss petitioner's petition for a writ of habeas corpus [Docket #9] is GRANTED, and this action is, in all respects, DISMISSED.

**IT IS SO ORDERED** this 24th day of June 2011.

RONALD A. WHITE
**UNITED STATES DISTRICT JUDGE**